# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

PETER M. DOMASO,

        Plaintiff,

v.

Case No. 2:22-cv-290-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## **OPINION AND ORDER**[1]

### **I.   Status**

Peter M. Domaso ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of diabetes, high and low blood pressure, high cholesterol, back pain, arm numbness, dizziness, neck pain, left foot and left body pain, and a heart condition. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed July 28, 2022, at 93-94, 106, 263.

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed July 28, 2022; Reference Order (Doc. No. 17), entered July 28, 2022.

On May 13, 2020, Plaintiff protectively filed an application for DIB, and on June 28, 2021, Plaintiff protectively filed for SSI, alleging in both applications a disability onset date of March 3, 2015. Tr. at 246-47, 45.[2] Later, Plaintiff amended the alleged disability onset date to July 21, 2018. Tr. at 65, 238. The applications were denied initially, Tr. at 93-103, 104, 122, 123-28 (DIB paperwork), 45 (ALJ Decision reflecting denial of both applications), and upon reconsideration, Tr. at 105-20, 121, 139, 140-45 (DIB paperwork), 45 (ALJ Decision reflecting reconsideration denial of both applications).[3]

On July 29, 2021, an ALJ held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 61-92. At the time of the hearing, Plaintiff was fifty-nine (59) years old. Tr. at 65, 66. On August 19, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 45-55.

---

[2] The DIB application was actually completed on May 14, 2020. Tr. at 246 (DIB). The protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 13, 2020. Tr. at 93, 106 (DIB). The undersigned was unable to locate the SSI application in the administrative transcript. Evidently, because it was filed later in the administrative process, there was some confusion about its receipt and inclusion in the hearing record. See Tr. at 64, 83-84. The ultimate Decision authored by an Administrative Law Judge ("ALJ") reflects that the SSI application was protectively filed on June 28, 2021. Tr. at 45.

[3] The SSI initial denial and reconsideration paperwork is not included in the administrative transcript. See note 2, supra.

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 63-64, 147-60, 176-89, 194-95, 338-39.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his counsel in support of the request. Tr. at 34-35 (Appeals Council exhibit list and order), 239-40 (request for review), 241-42 (brief). On March 10, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 31-33, making the ALJ's Decision the final decision of the Commissioner. On May 3, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

There is one issue on appeal: "[w]hether the ALJ erred by failing to evaluate the medical opinion evidence in accordance with SSA policy and Eleventh Circuit precedent." Plaintiff's Memorandum - Social Security (Doc. No. 19; "Pl.'s Mem."), filed September 26, 2022, at 1, 3 (emphasis omitted). On November 22, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") addressing the issue raised by Plaintiff. Then, as permitted, on December 6, 2022, Plaintiff's Reply Brief - Social Security (Doc. No. 22; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based upon his findings at that step. See Tr. at 47-54. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 21, 2018, the amended alleged onset date." Tr. at 47

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: left ventricular hypertrophy; hypertrophic cardiomyopathy; paroxysmal atrial fibrillation; hypertension; congestive heart failure (CHF); cervical and lumbar spondylosis/degenerative disc disease." Tr. at 47-48 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 48 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [Plaintiff] can frequently reach, grasp, handle, finger, and feel; and can only frequently turn the neck left or right.

Tr. at 50 (emphasis omitted). At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work" as a "fast food restaurant manager." Tr. at 54 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 21, 2018, through the date of th[e D]ecision." Tr. at 54 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of Pierre Herard, M.D., his treating pain management physician.[6] Pl.'s Mem. at 6-15; see Reply at 1-5. According to Plaintiff, Dr. Herard's opinion is consistent with the evidence, and the ALJ's findings regarding the opinion are not supported. See id. Responding, Defendant asserts the ALJ properly addressed the opinion and supported his findings with the required explanation. Def.'s Mem. at 4-7.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

---

[6]   Plaintiff also summarizes the opinions of state-agency medical consultants and the ALJ's findings on these opinions. Pl.'s Mem. at 6, 11-12. But, Plaintiff does not assign any alleged points of error to the ALJ's evaluation of these state-agency opinions. See id.

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she

---

[7] Plaintiff filed his DIB and SSI applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

Here, relevant to the issue on appeal, Dr. Herard rendered an opinion on July 20, 2021 regarding Plaintiff's functional limitations that, if accepted, would change the ALJ's ultimate RFC assessment and undermine the findings about Plaintiff's overall ability to perform past relevant work. Compare Tr. at 1573-74 (Dr. Herard's opinion), with Tr. at 50 (RFC).

In the Decision, the ALJ addressed Dr. Herard's opinion as follows:

> In terms of opinion evidence, the opinions of Pierre Herard, M.D., opined in July 2021 that [Plaintiff] could only stand/walk for 1 hour at one time and total in a typical workday, sit for 30 minutes at one time and total in a typical workday, lift up to 10 pounds occasionally, cannot use the feet for repetitive movements, never squat or crawl, and occasionally bend and climb. These opinions are not consistent with the totality of the record as a whole. [Plaintiff] has a history of cervical and lumbar spondylosis/ degenerative disc disease, as well as occasional findings of positive straight leg raise and spine tenderness. However, [Plaintiff] has reported significant

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

- 9 -

> improvements in symptoms with epidural steroid injections/medial branch blocks, including as much as 70% improvement with lasting relief between injections. He also reported exercising in the form of walking a mile or even riding his bicycle, as recently as January 2021. Objective examinations have been largely within normal limits as well, including 5/5 strength in the extremities, recent findings of normal gait, and normal ROM on musculoskeletal examinations. Furthermore, Dr. Herard did not provide any specific diagnoses, objective findings, or imaging results to support [his] conclusions.

Tr. at 53 (citations omitted).

Despite Plaintiff's argument to the contrary, this explanation is sufficient and supported by substantial evidence. The ALJ accurately observed that Plaintiff had reported as much as 70% improvement after epidural blocks. See Tr. at 1283-84. The ALJ also was correct in summarizing that Plaintiff continues to exercise—albeit not as much as he once could—notwithstanding his impairments. See, e.g., Tr. at 1195, 1275 (describing Plaintiff's reports of walking or riding his bike short distances); see also Tr. at 1032 (Plaintiff reporting he once rode his bike six miles and stating a goal of getting back to riding three miles or walking more than thirty minutes). The ALJ also generally was accurate in describing the nature of the objective examinations. See Tr. at 348-1571 (medical evidence). Finally, the ALJ rightly observed that Dr. Herard did not provide or rely upon any specific objective findings, diagnoses or

imagining results in arriving at his conclusions about Plaintiff's functional abilities. See Tr. at 1573-74.

Plaintiff essentially argues the ALJ erred in being too selective citing only evidence to support the conclusions, rather than evaluating all of the evidence collectively. See Pl.'s Mem. at 11-15. But, the ALJ did not ignore favorable evidence to arrive at the finding that Dr. Herard's opinion was not persuasive. Rather, the ALJ's Decision on the whole reflects thoughtful consideration of all of the evidence. Plaintiff also argues the ALJ could not rely on small bits of exercise to undermine Dr. Herard's opinion, id. at 13-14, but the ALJ appropriately evaluated Plaintiff's ability to exercise, along with all of the other evidence in the file, in finding that Plaintiff's abilities exceed those assigned by Dr. Herard. The ALJ's findings regarding Dr. Herard's opinion, and the ultimate RFC assigned, are supported by substantial evidence. The ALJ did not reversibly err.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 21, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record